UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:<br>MAISON ROYALE, LLC<br>DEBTOR | CASE NO. 23-6191<br>C/W 23-6193 |
| JACK ADAMS<br>VERSUS<br>RICK SUTTON | SECTION "L" (1) |

### ORDER & REASONS

Before the Court is Appellee Rick Sutton's Motion to Supplement Record on Appeal or, Alternatively, to Take Judicial Notice. R. Doc. 17. Appellant Jack Adams opposes the motion. R. Doc. 19. After a review of the briefing, record, and applicable law, the Court now rules as follows.

### I. BACKGROUND & PRESENT MOTION

This case is an appeal from the bankruptcy court relating to the bankruptcy petition of Debtor Maison Royale, LLC. R. Doc. 1. In this case, Appellant Adams has appealed the bankruptcy court's September 28, 2023 order in which that court remanded two of the three removed lawsuits to the Civil District Court for the Parish of Orleans ("CDC"). *Id.* Given the lengthy history of litigation among the parties, a brief overview of the dispute is in order.

On June 20, 2023, Adams put the Debtor into bankruptcy by filing a bankruptcy petition. R. Doc. 17-4 at 2. When Adams put the Debtor into bankruptcy, he also removed three pending state court lawsuits "on the basis that they 'relate to' the bankruptcy filing." *Id.* Adams claims that he put the Debtor into bankruptcy to streamline the various suits between the parties and the bankruptcy court found this attempt to be "legitimate." *See* Appellant Brief, R. Doc. 14 at 29 (quoting the bankruptcy court). Sutton however takes the position that the bankruptcy petition was

1

filed in bad faith, and this dispute is the subject of a separate bankruptcy appeal before this Court in which Sutton is the appellant. *See* In re Maison Royale, LLC, Case No. 23-cv-05670.

To address the instant motion however, the Court need not delve too deeply into the decade of litigious rancor between the parties. Relevant to the instant motion, the three separate state court suits that were consolidated with the bankruptcy petition are referred to by the parties as the breach of contract case, the abuse of process case, and the wage payment claim. R. Doc. 17-4 at 2. The bankruptcy court remanded the breach of contract and abuse of process cases to the CDC, where various proceedings have since occurred. *Id.* Sutton represents that following the remand order, the wage payment claim has been resolved but that in order for this Court to properly adjudicate Adams's appeal of the remand of the other two suits, this Court ought to consider certain post-remand pleadings at the CDC because "they evidence that [Adams's] purported concerns about timeliness and consolidation are unfounded" and that Adams's "true aim is to derail any trial on the merits and delay this litigation as long as possible, as he has down for nearly 10 years." *Id.* at 3.

Sutton filed the instant motion urging the Court to supplement the record on appeal with three pleadings, or, alternatively, urging the Court to take judicial notice of these pleadings. R. Doc. 17-4 at 1-2. The three exhibits Sutton points to are: (1) a February 14, 2024 Judgment by Judge Julien of the CDC Division N in case 14-10709 c/w 2017-03907; (2) a January 31, 2024 Judgment by Judge Reese of the CDC Division L in case 2017-0390; and (3) a Notice of Enrollment of Counsel of Record in CDC case 2014-10709. *Id.* These files are attached to Sutton's motion as exhibits A, B, and C respectively. *See* R. Docs. 17-1, 17-2, and 17-3. Exhibit A, the Judge Julien/Division N judgment, grants a motion by Adams to consolidate several matters and the court notes that the motion was originally filed before the Debtor filed for bankruptcy. R. Doc.

17-1. Exhibit B, the Judge Reese/Division L judgment, disqualifies Phelps Dunbar as counsel for "any party in this matter," and grants a motion by Sutton to find Phelps in contempt until they withdraw. The court again notes that this was a motion originally filed before bankruptcy. R. Doc. 17-2. Exhibit C, the Notice of Enrollment, shows that Adams enrolled counsel from Rice Law Group, presumably in response to the Judge Reese disqualification order. R. Doc. 17-3.

Adams opposes Sutton's motion to supplement. R. Doc. 19. Adams first notes that Sutton sought and obtained leave to extend his briefing deadline "purportedly due to these filings." *Id.* at 1. During this time frame, these pleadings were readily available to Sutton and yet he did not move the Court to supplement the record until the day before he filed his appellee brief. *Id.* Adams points out that in Sutton's appellee brief, he cites to these supplemental pleadings instead of the record, and for these reasons alone his attempt to supplement the record here is untimely. *Id.* Next, Adams argues that the pleadings Sutton wishes to include represent an incomplete picture of post-remand events in state court, and Adams urges that should the Court be inclined to supplement or take judicial notice of these items, that it also do so with the fifteen additional pleadings that Adams attaches to his opposition. *Id.* at 2, 11.

II.     **APPLICABLE LAW**

A district court hearing a bankruptcy appeal has the authority to supplement the record. Fed. R. Bankr. P. 8009(e)(2); *Huddleston v. Nelson Bunker Hunt Trust Estate*, 102 B.R. 71, 75 (N.D. Tex. 1989) ("As an appellate court, this court has the discretion to order supplementation of the record on appeal."). Pursuant to Federal Rule of Evidence 201, a court may also take judicial notice of adjudicate facts, including matters in its own docket as well as facts that are "generally known within the trial court's territorial jurisdiction" and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questions." Fed. R. Evid. 201(b).

Courts may also take judicial notice of "proceedings before other federal courts and state courts of record." *In re Musilli*, 398 B.R. 447, 453 (E.D. Mich. 2008).

A district court reviewing a bankruptcy court's decision "functions as a [sic] appellate court and applies the standard of review generally applied in federal court appeals." *Matter of Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). Findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed *de novo*. *Matter of Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991). The United States Supreme Court explains that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A bankruptcy court's decision to abstain or remand "will only be disturbed upon a showing of an abuse of discretion." *In re Schlotzsky's Inc.*, 351 B.R. 430, 434 (W.D. Tex. 2006) (citing *Matter of Howe*, 913 F.2d 1138, 1143 (5th Cir. 1990)).

### III. DISCUSSION

On September 28, 2023, the bankruptcy court determined that remand of two of the removed cases was proper given all the facts and evidence before it. Sutton here urges this Court to supplement the record or take judicial notice of facts and events that occurred *after* the bankruptcy court made its determination on the basis that these post-order events show that the bankruptcy court's reasoning turned out to be incorrect after the fact. Whether or not that is true, the bankruptcy court did not have these state court pleadings and materials before it when it ordered remand, and while this Court has the authority to supplement an appellate record or take judicial notice of certain items, the Court finds it inappropriate to review the bankruptcy court's order against evidence it did not have before it at the time of its decision. What occurred following the

order of remand has no bearing on whether the bankruptcy court, weighing what it did have before it, erred in ordering remand.

    Accordingly, for the foregoing reasons, Sutton's motion is DENIED.

New Orleans, Louisiana, this 8th day of April, 2024.

                                                                                                     United States District Judge